UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael Richardson,

    Plaintiff,

v.                                        Case No. 19-13643

Caliber Home Loans, Inc., *et al.*,        Sean F. Cox
                                                  United States District Court

    Defendants.
_____/

## OPINION & ORDER

Plaintiff filed this case based upon federal-question jurisdiction over his TILA claim asserted against just one of the four Defendants in this case. Plaintiff asks the Court to exercise supplemental jurisdiction over his four state law claims. The matter is currently before the Court on Defendant Caliber's Motion to Dismiss. The Court concludes that oral argument is not necessary and therefore orders that the motion will be decided based upon the briefs. Among other things, Defendant Caliber challenges Plaintiff's TILA claim as untimely. The parties agree that Plaintiff's TILA claim had to be filed within one year of his real estate closing at issue in this case and, therefore, it is untimely absent tolling. As explained below, Plaintiff has failed to sufficiently plead equitable tolling by fraudulent concealment, the type of tolling he contends applies. As such, the Court shall dismiss Plaintiff's TILA claim against Defendant Caliber as untimely and decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, without considering Caliber's challenges to those state law claims.

## BACKGROUND

Plaintiff Michael Richardson filed this action on December 11, 2019, asserting claims against the following Defendants: 1) Caliber Home Loans, Inc.; 2) Select Title Company; 3) the Michigan Group, Inc. – Livingston; and 4) Hannett, Wilson & Whitehouse, L.L.C.

The action was filed in federal court based upon federal-question jurisdiction over Plaintiff's TILA count asserted against Caliber alone and Plaintiff asks the Court to exercise supplemental jurisdiction over all of his state-law claims. Thus, Plaintiff has not asserted any federal claims against three of the four Defendants in this case.

On January 2, 2020, Caliber Homes, Inc. ("Caliber") filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). On January 8, 2020, this Court issued its standard order, giving Plaintiff the choice of: 1) filing an amended complaint to cure the alleged deficiencies, in which case the Court would deny the Motion to Dismiss without prejudice as moot; or 2) filing a response to the Motion to Dismiss. (ECF No. 15).

Plaintiff opted to file an amended complaint, and filed his Amended Complaint on January 27, 2020. (ECF No. 18). In it, Plaintiff asserts the following claims: 1) "Count I – Truth in Lending Act," asserted against Caliber; 2) "Count II – Breach of Contract," asserted against Caliber; 3) "Count III – Fraud/Misrepresentation," asserted against all Defendants; 4) "Count IV – Wrongful Foreclosure," asserted against Caliber; and 5) Count V (erroneously numbered as "III") asserting an "Unjust Enrichment" claim against all Defendants.

Plaintiff alleges that he purchased a home in Holly, Michigan, that the lender was Caliber, and that the closing was on April 4, 2018. (Am. Compl., ECF No. 18, at ¶ 10). Plaintiff alleges that he closed with a "$1,222.12 mortgage payment with an estimated monthly tax escrow [of] $152.37." (*Id*. at ¶ 25). He alleges that "Defendants knew, by virtue of the purchase

2

price of the property and due to each Defendant's experience selling real estate in Michigan, that the escrow amount which was represented to the Plaintiff was false and fraudulent and intentionally understated so that the Plaintiff believe, falsely, that he could afford the home." (*Id*. at ¶ 26).

Plaintiff alleges that, after the closing, Caliber "sent invoices to Plaintiff from April of 2018 until March of 2019, each of which continued to represent that the Plaintiff's monthly escrow payment was significantly lower than the true state of affairs" because those invoices "did not reveal to the Plaintiff the fact that each month, he was not paying enough in taxes into his escrow account." (*Id*. at ¶¶ 38-39). Plaintiff alleges those monthly statements from Caliber "concealed the fact that the Plaintiff's monthly payment, as set forth in those statements, was too low to satisfy the real tax requirements." (*Id*. at ¶ 53).

In "April of 2019," Caliber sent Plaintiff "the yearly escrow statement" which showed an arrearage of $3,757.13 – this was the first time Plaintiff learned that the Defendants had provided a false estimate of his monthly payment." (*Id*. at ¶ 40). "Plaintiff discovered for the first time in April of 2019 that he had been cheated." (*Id*. at ¶ 42). Plaintiff alleges that "[t]he *fraudulent acts of the Defendants concealed* from Plaintiff that his actual monthly payment would not be $1,222.00 as disclosed, but rather $1,705.00," an amount he cannot afford. (*Id*. at ¶ 44) (emphasis added).

In his actual TILA count, Plaintiff cites various sections of TILA. Without specifically alleging how Caliber failed to comply with the TILA, Plaintiff alleges that:

> 64. Defendant C[aliber] provided a loan to Plaintiff which requires TILA compliance as set forth herein.
> 65. Defendant C[aliber] did not comply with TILA on the date of closing and concealed that fact from the Plaintiff until April of 2019.

3

(*Id*. at ¶¶ 64-65).

## ANALYSIS

Because this case in federal court based upon federal-question jurisdiction over Plaintiff's TILA count, the Court will address the challenges to that claim first.

### I. Caliber's Challenge To The TILA Claim

Plaintiff's TILA count, the only federal claim asserted in this case, is asserted against Defendant Caliber alone. Defendant Caliber contends that count should be dismissed because it is time-barred. In support of this argument, Caliber argues:

> Under 15 U.S.C. § 1640(e), claims brought under section 1639d of TILA (the basis for Richardson's claim) generally must be brought within one year of the violation. Here, Richardson admits that the loan closed in or before April 2018 – meaning the purported violation occurred in or before April 2018 – but he did not bring this lawsuit until December 2019, which is more than a year later.

(Def.'s Br. at 5).

Plaintiff does not dispute that a one-year period of limitations generally applies to his TILA claim against Caliber. But Plaintiff contends that count should not be dismissed because he is entitled to equitable tolling under a fraudulent concealment theory. (Pl.'s Br. at 6-7).

#### A. Equitable Tolling By Fraudulent Concealment

Equitable tolling for TILA claims is available where a defendant has engaged in fraudulent concealment. *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1043 (6th Cir. 1984); *see also Cheatom v. Quicken Loans*, 587 F. App'x 276, 280-81 (6th Cir. 2014); *Howard v. BAC Home Loans Serv., LP*, 2013 WL 254336 at * 3 (W.D. Mich. 2013, J. Quist); *Ball Federal Nat'l Mort. Ass'n*, 2016 WL 4702585 at * 3 (E.D. Mich. 2016, J. Roberts). Under the fraudulent concealment doctrine, "the one year period will begin to run when the borrower discovers or had

4

reasonable opportunity to discover the fraud involving the complained of TILA violations." *Jones,* 747 F.2d at 1041. For equitable tolling under the doctrine of fraudulent concealment, the plaintiff must allege that: 1) the defendant concealed the conduct that constitutes the cause of action; 2) the defendant's concealment prevented the plaintiff from discovering the cause of action within the limitations period; and 3) until discovery, the plaintiff exercised due diligence in trying to find out about the cause of action.

Notably, the facts substantiating the doctrine of equitable tolling by fraudulent concealment must be set forth in the complaint with particularity, as required by Fed. R. Civ. P. 9(b). *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975); *Cheatom*, 587 F. App'x at 280; *Howard, supra*, at *3.

Here, Defendant Caliber contends that Plaintiff has failed to sufficiently plead facts that could establish fraudulent concealment because he has failed to sufficiently plead both concealment by Caliber and due diligence by Plaintiff.

As to wrongful concealment, Caliber states that the only "concealment" that Plaintiff alleges is that Caliber sent him monthly billing statements asking him to pay the amount due under the initial payment amount for a year." (Def.'s Br. at 9). That is, the only concealment alleged is that Caliber sent Plaintiff monthly billing statements that were consistent with the tax estimate amount set forth in the closing documents.

To successfully allege fraudulent concealment, however, a plaintiff must allege conduct by the defendant "above and beyond the wrongdoing upon which the plaintiff's claim is founded, to prevent, by fraud or deception, the plaintiff from suing in time." *Cheatom*, 587 F. App'x at 281. In other words, the plaintiff "must show that the defendant took affirmative steps to prevent

the plaintiff from suing in time, 'such as by hiding evidence or promising not to plead the statute of limitations.'" *Cheatom*, 587 F. App'x at 280.

In addition, Caliber asserts that Plaintiff pleads no facts to support a claim that he was diligent until April 2019 when he allegedly discovered the purported TILA violation. To show diligence, he would need to explain how exactly he remained unaware of the true amount of the tax payments made on the Property in the first year he owned the Property – but the FAC is silent on that salient point." (Def.'s Br. at 10).

Plaintiff's response does not address his failure to plead any facts that could establish diligence on his part.

Plaintiff has failed to allege any facts that could show he lacked the means to discover the basis of his claim (ie, that his actual property taxes were higher than the estimated taxes stated in his closing documents).[1]

Accordingly, Plaintiff has failed to sufficiently allege equitable tolling by fraudulent concealment.

B.  **Equitable Tolling Generally**

"The doctrine of equitable tolling by fraudulent concealment is distinguishable from equitable tolling, generally." *Ball Fed. Nat'l Mort. Ass'n, supra*, at * 3 (citing *Cheatom*, 587 F. App'x at 281.).

---

[1]That may be because he is unable to do so. Even when tax payments are escrowed and paid by the mortgage company, the property owner still receives copies of the tax bills. Moreover, each year in Michigan, prior to the annual *March* meetings of local boards of review, written tax assessment notices are mailed to all property owners of record. Those notices include, among other things, "the tentative taxable value for the current year, and the taxable value for the immediately preceding year." *See* Mich. Comp. Laws § 211.24c.

General equitable tolling "applies when there is *no allegation that the defendant acted improperly*, and yet the plaintiff remains unaware of her cause of action despite exercising due diligence." *Id.* (emphasis added). Five factors are considered: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness i[n] remaining ignorant of the particular legal requirement. *Id*. (citations omitted).

Here, neither Plaintiff's Amended Complaint nor his response brief allege that Plaintiff was unaware of his cause of action despite no wrongful conduct by Defendants. To the contrary, Plaintiff alleges that he is entitled to equitable tolling because of Defendants' improper conduct. That is equitable tolling under a fraudulent concealment theory and, as explained above, Plaintiff has not sufficiently alleged it in his complaint.

Accordingly, the Court shall grant Defendant's motion to dismiss as to Plaintiff's TILA claim against Caliber and dismiss that claim as untimely.

## II. This Court Shall Decline To Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State-Law Claims And Dismiss Those Claims Without Prejudice.

Plaintiff's complaint asks this Court to exercise supplemental jurisdiction over his state-law claims. The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when: 1) the claim raises a novel or complex issue of State law; 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; 3) the district court has dismissed all claims over which it has original jurisdiction, or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, this Court is dismissing Plaintiff's TILA claim against Defendant Caliber. Thus, it is dismissing the only federal claim in this action at a very early stage of the case (ie, before the Court has even held a scheduling conference). As such, this Court declines to exercise supplemental jurisdiction over the remaining state-law claims and shall dismiss them without prejudice.

## CONCLUSION & ORDER

For the reasons set forth above, Defendant Caliber's Motion to Dismiss is GRANTED, to the extent that the Court DISMISSES the TILA claim asserted against it as untimely.

IT IS FURTHER ORDERED that the Court DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION over Plaintiff's remaining state-law claims and DISMISSES THEM WITHOUT PREJUDICE.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 11, 2020